**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1845
_____

LINDA BERKERY,
                                        Appellant

v.

WISSAHICKON SCHOOL DISTRICT
BOARD OF DIRECTORS, As it is presently
constituted and as it was constituted
on 10/17/13 (WSB); YOUNG K. PARK;
JANICE SINGER; CHARLES MCINTYRE;
MARJORIE A. BROWN; BARBARA P. MOYER;
SETH E. GRANT; BURUNDA PRINCE-JONES;
RICHARD P. STANTON; BARBARA ULLERY;
JUDITH M. CLARK; DR. CHRISTOPHER MARCHESE;
WADE COLEMAN; CATHERINE ROSSI;
WISSAHICKON SCHOOL DISTRICT(WSD);
WADE T. COLEMAN, Individually and
as transportation liason, WSD;  CATHERINE ROSSI,
Individually & as director of personnel, WSD;
MARIE E. CARSILLO, Individually &
as Director of Transportation, WSD
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 14-cv-05265)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 5, 2015
Before:  FISHER, KRAUSE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 7, 2015)

_____

OPINION*

_____

PER CURIAM

Linda Berkery appeals the District Court's order granting Appellees' motion to dismiss. For the reasons below, we will affirm the District Court's order.

The procedural history of this case and the details of Berkery's claims are well known to the parties, set forth in the District Court's thorough memorandum opinion, and need not be discussed at length. Briefly, Berkery, who worked as a driver of a school van, was suspended without pay for three days. In her complaint, Berkery alleged that her suspension violated her due process and equal protection rights and was in retaliation for her exercise of her First Amendment rights. Appellees filed a motion to dismiss which the District Court granted. It also declined to exercise supplemental jurisdiction over Berkery's state law claims. Berkery filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's order granting the motion to dismiss de novo. Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation omitted). It

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

is not enough for a plaintiff to offer only conclusory allegations or a simple recital of the elements of a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Berkery argues that her suspension violated her due process rights because she did not receive notice or a hearing. Berkery was entitled to notice of the charges against her, an explanation of the evidence, and an opportunity to give her side of the story. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 545-46 (1985). In her complaint, Berkery admitted that she spoke with her supervisor, Appellee Carsillo, on September 9, 2013, and Carsillo expressed her concerns that Berkery's route could be driven in less time than Berkery took to drive it. A few days later, they discussed the issue again. Carsillo subsequently left Berkery a series of notes concerning the time for the route and her sign-in time. On October 16, 2013, a union representative told Berkery that Carsillo wanted to see her. Carsillo then told Berkery that there would be a meeting the next day at the Central Office to discuss the issue.

Berkery met with the president of her union as well as another representative shortly before the meeting. Berkery admitted that Carsillo and Coleman presented their allegations and evidence against her at the meeting and that she responded by denying the allegations. She was also asked to describe her interactions with her passenger's family and a school aide as well as anything unusual that had happened that week during her route. Thus, according to her own allegations, Berkery had notice of the hearing, an explanation of the evidence against her, and the opportunity to give her side of the story.

We agree with the District Court that Berkery cannot state a claim for the denial of due process.

Berkery also alleged that Appellees caused injury to her reputation. To state a claim that she was deprived of her liberty interest in her reputation, Berkery must allege a stigma to her reputation plus the deprivation of another right or interest. Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006). If a public employer publishes a defamatory impression of an employee in connection with a termination, the employee has been deprived of a liberty interest and is entitled to a name-clearing hearing. See id. The District Court correctly noted that Berkery failed to allege any defamatory statements on which her claim was based. She merely claimed that Appellee Carsillo "repeat[ed] her false version of facts to her office staff." On appeal, Berkery still does not give details of any false statements made about her. Rather, she argues that she will need to engage in discovery because false statements are usually made in secret. We agree with the District Court that Berkery has not stated a claim of a deprivation of a liberty interest in her reputation.

Berkery asserted that Appellees violated her First Amendment rights by retaliating against her for her speech. To state a claim of retaliation under the First Amendment as a public employee, Berkery must allege that her speech was both protected by the First Amendment and was a substantial or motivating factor in her employer's adverse action. Munroe v. Cent. Bucks Sch. Dist., --- F.3d ---, No. 14-3509, 2015 WL 5167011, at *9 (3d

4

Cir. Sept. 4, 2015). For the speech to be protected, it must involve a matter of public concern and the employee must speak as a citizen and not an employee. Id.

Again, Berkery does not specify what speech of hers caused her suspension. She claims that she cannot remember all of her conversations with her passenger's family and the school aide. Moreover, she denies that she ever made the statements implied by a hypothetical question at the hearing – Appellee Coleman allegedly asked Berkery if it would be appropriate for Berkery to discuss with the school aide whether a late arrival would interfere with her passenger's schooling. Appellee Rossi purportedly questioned a conversation Berkery had with the passenger's grandfather.[1] In her complaint, Berkery described the speech at issue as "normal and ordinary conversations" with her passenger's grandfather and the arrival aide at the school. Berkery has not sufficiently alleged that the speech at issue involved a matter of public concern. See id. ("[S]peech that relates solely to mundane employment grievances does not implicate a matter of public concern.") The District Court did not err in dismissing her claim of a First Amendment violation.

Berkery also sought to raise an equal protection claim as a "class of one." However, she admits that such a claim by a public employee is foreclosed by the Supreme Court's decision in Engquist v. Oregon Department of Agriculture, 553 U.S.

---

[1] In her rebuttal to the Personnel Performance Report summarizing the hearing, Berkery admitted telling her passenger's guardian that because of her later start time, she was not getting her passenger to school on time. "The reason I told him that is that it happens to be true." Compl. Ex. G at 3.

591 (2008). We cannot, as Berkery requests, give weight to the dissenting opinion in Engquist.

Berkery also argues that the District Court abused its discretion in failing to grant her leave to amend her complaint. When a complaint is subject to dismissal for failure to state a claim, the District Court must permit a curative amendment unless an amendment would be futile. Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013). Here, the District Court determined that any amendment by Berkery would be futile. We agree. As noted above, Berkery admits that she cannot state what false statements were allegedly made about her and cannot remember what speech of hers purportedly led to her suspension. Thus, she admits that she cannot cure the deficiencies in her First Amendment and stigma-plus claims. Moreover, the allegations in her complaint establish that she received due process with respect to her suspension, and she admits that her equal protection claim fails as a matter of law. No amended factual allegations could give life to those claims.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's order.[2]

---

[2] Because we have determined that Berkery's allegations fail to state a claim, we need not reach Appellees' argument that her claims should be dismissed for her failure to properly grieve them under the collective bargaining agreement by submitting them to arbitration.